**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LYNN S. KING,**

                              **Plaintiff,**                 **1:20-cv-440**
                                                              **(GLS/CFH)**

            **v.**

**STATE OF NEW YORK et al.,**

                              **Defendants.**
_____

## <u>SUMMARY ORDER</u>

Plaintiff Lynn S. King (hereinafter "L. King") commenced this action

against defendants State of New York,[1] Dr. Howard A. Zucker, the

Commissioner of the New York State Department of Health (hereinafter

"State defendants"), Bruce A. Hidley, the Albany County Clerk, and Henry

S. King, Jr. (hereinafter "H. King"), alleging that New York State Domestic

Law (DRL) § 170(7), which permits divorce on the grounds that a marriage

has been irretrievably broken for a period of at least six months, is

unconstitutional on its face and as applied to her.  (*See generally* Compl.,

Dkt. No. 1.)  Specifically, she claims that DRL § 170(7) violates the Free

_____

[1]  Despite mentioning Governor Andrew M. Cuomo in the caption of her complaint, L.
King agrees with State defendants that Cuomo is not a party to this action.  (Dkt. No. 26,
Attach. 1 at 3-4; Dkt. No. 36, Attach. 1 at 34.)

Exercise and Establishment Clauses of the First Amendment by infringing upon her religious belief that marriage is permanent and cannot be undone by the State.  (*Id.*)

Now pending are State defendants' and Hidley's motions to dismiss.[2] (Dkt. Nos. 26, 30.)  For the reasons that follow, the motions are granted, and L. King's complaint is dismissed.[3]

## I.  **Background**[4]

L. King, a Pentecostal Christian, married her ex-husband, H. King, at a Christian ceremony in New York, New York.  (Compl. ¶¶ 20, 23-24.) L. King and H. King "promised before God" to remain married until death do them part.  (*Id.* ¶ 24.)  As a self-proclaimed "devout" Christian, she

---

[2]  Hidley adopts and incorporates by reference all of the arguments made by State defendants that are noted in this Summary Order.  (Dkt. No. 30, Attach. 6 at 3-4.)  Accordingly, any mention of an argument made by State defendants herein should be interpreted as an argument advanced by State defendants and Hidley.

[3]  Notably, the theory under which L. King brings a claim against H. King, and, thus, how H. King is a state actor or conspired with state actors to deprive L. King of her constitutional rights, is not at all clear.  Nevertheless, although H. King did not seek dismissal, for the reasons stated herein, all claims against him must also be dismissed.  *See Cohen v. Experian Info. Sols., Inc.*, No. 20-cv-3678, 2021 WL 413494, at *3 (E.D.N.Y. Feb. 5, 2021) ("[W]hen some but not all of the defendants move to dismiss and the court determines that the plaintiff lacks standing, the court may dismiss the claims against the non-moving parties *sua sponte*." (citations omitted)); *Crispin v. Westchester Cty.*, No. 18 CV 7561, 2019 WL 2419661, at *1 n.3 (S.D.N.Y. Jun. 10, 2019) ("The County Defendants did not move to dismiss or otherwise respond to the complaint.  Nevertheless, for the reasons stated in this Opinion and Order, all claims against the County Defendants must also be dismissed." (citation omitted)).

[4]  The facts are drawn from L. King's complaint, (Dkt. No. 1), and presented in the light most favorable to her.

believes that the Bible, which forbids divorce, ought to be taken literally, and, thus, believes that divorce is a sin that breaks "a sacred covenant with God to remain together until death do [you] part."  (*Id.* ¶¶ 20, 43, 90.)  Indeed, L. King has a sincere and deeply held religious belief that marriages are promises to God and cannot be undone.  (*Id.* ¶ 27.)

In 1993, H. King filed for divorce based on cruel and inhumane treatment.  (*Id.* ¶ 34.)  L. King challenged the divorce and ultimately prevailed in state court, as the court found that H. King failed to prove such cruel and inhumane treatment.  (*Id.* ¶¶ 35, 37-38.)  At the time when H King commenced the 1993 divorce action, married couples could only divorce pursuant to one of several enumerated categories of fault.  (*Id.* ¶ 36.)

In 2010, the State of New York enacted DRL § 170(7), which permits no-fault divorces for marriages that have been "irretrievably broken" for a period of at least six months.  (*Id.* ¶ 39.)  Pursuant to § 170(7), H. King filed for divorce again in 2016, and L. King, again, challenged it.  (*Id.* ¶¶ 40-41.)  Supreme Court in Albany County ultimately entered a judgment of divorce in 2020.  (*Id.* ¶ 53.)  L. King filed her complaint shortly thereafter.  (Compl.)

## II.  **Discussion**

State defendants and Hidley moved to dismiss, arguing that L. King does not have standing to pursue her claims, and that, even if she did have standing, the complaint fails to state a claim pursuant to the Free Exercise Clause or the Establishment Clause.[5]  (Dkt. No. 26, Attach. 1 at 5-13; Dkt. No. 30, Attach. 6 at 3-4.)

First, the issue of standing must be addressed.  *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 945 F.3d 83, 109 (2d Cir. 2019).  Standing requires proof that  the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* (citations omitted).  "An injury in fact sufficient to confer standing is 'an invasion of a legally protected interest' that is 'concrete and

---

[5]  L. King attaches two affidavits to her opposition brief, and asks the court to convert the motions to dismiss into motions for summary judgment.  (Dkt. No. 36 at 2, 6.)  Because discovery has not yet commenced in this case, among other reasons articulated by State defendants, (Dkt. No. 41 at 2-4), the court sees no reason to convert the motions into summary judgment motions, and, in its discretion, has disregarded the extrinsic evidence submitted by L. King.  *See* Fed. R. Civ. P. 12(d); *McLoughlin v. Powers*, No. 5:17-cv-1070, 2018 WL 2170287, at *2 (N.D.N.Y. May 10, 2018) ("It is well established that district courts have 'complete discretion' in determining whether to accept materials outside the pleadings and convert a motion [to dismiss] into a motion for summary judgment." (citation omitted)); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 124 (S.D.N.Y. 2010) ("The Court also declines to convert the instant motion into a motion for summary judgment since discovery has not yet commenced." (citation omitted)).

particularized' and 'actual or imminent, not conjectural or hypothetical.'"
*Id.* (citation omitted).

"To have standing to pursue a claimed violation of the Free Exercise
Clause, a plaintiff must allege that her own particular religious freedoms
are infringed." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir.
2001) (internal quotation marks and citation omitted).  And to have
standing to bring an Establishment Clause claim, a plaintiff must show
standing under one of the following theories: (1) taxpayer, (2) direct harm,
or (3) denial of benefits.  *See Montesa v. Schwartz*, 836 F.3d 176, 195-96
(2d Cir. 2016).

State defendants argue that L. King lacks standing to pursue her
claims because she does not have a constitutional right to remain married,
and because there is "a distinction between the dissolution of an
individual's legal marriage relationship pursuant to State law and the
individual's religious marriage."  (Dkt. No. 26, Attach. 1 at 5-9.)  In
response, L. King contends that she has suffered an injury in fact and
direct harm from DRL § 170(7), because, as a devout Christian, the law
has forced her to live in "sin" and face great "shame," and because it
infringes upon her constitutional right to marry.  (Dkt. No. 36, Attach. 1

at 5-21.)  The court agrees with State defendants.

As argued by State defendants, (Dkt. No. 41 at 5), L. King's argument that H. King does not have a constitutional right to divorce misses the point entirely.  The issue is not whether there exists a constitutional right to divorce; rather, it is whether DRL § 170(7) infringes upon *her* constitutional rights.  And it does not, because an individual does not have a right to remain married to another adult against his or her will.

Although it does not appear that federal courts have reached the issue of whether an individual has a right to remain married against their partner's will, the New York State courts that have reached it in the context of DRL § 170(7) have found there to be no such right.  *See A.C. v. D.R.*, 32 Misc. 3d 293, 305-06 (Sup. Ct. Nassau Cty. 2011) ("It has often been said that marriage is a partnership. There can be no such thing as an indissoluble partnership. . . .  Suggestions that the party wishing to stay married has a constitutional right that is being infringed upon in violation of due process is unavailing.  Staying married, against the wishes of the other adult who states under oath that the marriage is irretrievably broken, is not a vested right." (citation omitted)); *Townes v. Coker*, 35 Misc. 3d 543, 548-49 (Sup. Ct. Nassau Cty. 2012) (same); *Palermo v. Palermo*, 35 Misc. 3d

1211(A), 1211 n.7 (Sup. Ct. Monroe Cty. 2011), *aff'd*, 100 A.D.3d 1453

(4th Dep't 2012) (same).

Indeed, an opposite finding, *i.e.*, a finding that H. King must remain

married against his will because of L. King's religious convictions would

defy all logic and reason, and create a much larger Establishment Clause

issue than the one L. King argues exists today.  *See Maghu v. Singh*, 206

Vt. 413, 427 n.7 (2018) ("We reject wife's argument that the court's grant of

a no-fault divorce . . . impinges on wife's free exercise of religion. . . . Quite

the opposite, it would be constitutionally problematic, to say the least, if we

began to decline access to a divorce from an otherwise qualified

domiciliary on the basis of the religious convictions of the other party.");

*Sharma v. Sharma*, 8 Kan. App. 2d 726, 727 (1983) ("[T]o compel [the

husband] to remain married because of the wife's religious beliefs would

be to prefer her beliefs over his. Any such preference is prohibited by the

Establishment Clause of the First Amendment."); *Melki v. Melki*, No. 744,

Sept. Term, 2019, 2020 WL 5797869, at *5 (Md. Ct. Spec. App. Sept. 29,

2020) ("[I]t might well violate the Establishment Clause of the First

Amendment to compel Wife to remain married to Husband because of

Husband's religious beliefs, for the court would then be preferring one

spouse's beliefs over the other spouse's." (citation omitted)).

Moreover, as argued by State defendants, (Dkt. No. 26, Attach. 1 at 6-9), there is no constitutional injury here for the independent reason that the divorce that gave rise to this litigation only dissolved L. King's and H. King's legal marriage recognized by the State of New York; the divorce did not affect the status of their "religious marriage." *See Pankoe v. Pankoe*, 222 A.3d 443, 449-50 (P.A. 2019) (finding that a state law permitting no-fault divorces did not violate the husband's First Amendment rights, because the divorce only dissolved the civil contract of marriage between the parties, and the husband could believe that "in the eyes of God," he was still married to his wife); *Masri v. Masri*, 55 Misc. 3d 487, 498 (Sup. Ct. Orange Cty. 2017) ("The state may allow civil divorce, even though one spouse objects to the decree on the basis of religious conviction and even though a religious divorce cannot be or has not been obtained." (citation omitted)).

L. King's arguments to the contrary are unavailing. No amount of shame or a feeling that she is living in sin can change the fact that, as explained above, no constitutional right is implicated by H. King taking advantage of a no-fault divorce permitted by DRL § 170(7). Accordingly,

8

based on the foregoing, L. King has not suffered a constitutional injury in fact or any direct harm from DRL § 170(7), and, thus, she lacks standing. *See Altman*, 245 F.3d at 71; *Montesa*, 836 F.3d at 195-96.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that State defendants' motion to dismiss (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that Hidley's motion to dismiss (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that L. King's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 26, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

9